Filed 3/13/24  Miranda v. Superior Court CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| ADAM MIRANDA, | B330458 |
| Petitioner, | |
| | (Los Angeles County Super. Ct. No. A362694) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS in mandate.  Ronald Coen, Judge.  Petition granted.

Cuauhtemoc Ortega, Federal Public Defender, Joseph Trigilio and Saivandana Petersen, Deputy Federal Public Defenders, for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

——————————————

Petitioner Adam Miranda filed a petition for writ of habeas corpus in the Los Angeles Superior Court. Although his counsel regularly checked the court's docket to determine when the petition was assigned to a judge for consideration, no notice of assignment or minute order ever appeared. Instead, counsel received notice that the petition had been considered and denied. Miranda filed a petition for writ of mandate in this court, arguing the lack of notice of the assignment improperly deprived him of his right to peremptorily challenge the judge assigned to rule on the petition. We agree and grant the petition.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1982, a jury found Miranda guilty of first degree murder, assault with intent to commit murder, and first degree burglary. The jury also found firearm and great bodily injury enhancement allegations to be true. The jury additionally found true a special circumstance allegation that the murder was committed while Miranda was engaged in the attempted commission of a robbery. (*People v. Miranda* (1987) 44 Cal.3d 57, 70.) Briefly summarized, the evidence at the trial established that in 1980, Miranda and a codefendant walked into an AM-PM mini-market shortly after 2:00 a.m. Miranda pointed a gun at one of the two employees and demanded that he put money in a bag. Miranda then shot both

2

employees before he and the codefendant fled from the store. One employee died, but the other survived. (*Id*. at pp. 71–72.)

Miranda was sentenced to death. In 1987, the California Supreme Court affirmed Miranda's conviction in full and denied a habeas petition in which Miranda claimed he was denied effective assistance of counsel and that the death penalty in California is unconstitutional. (*People v. Miranda*, *supra*, 44 Cal.3d at pp. 70–71.) The court denied Miranda's two subsequent habeas corpus petitions challenging his conviction and sentence. (*In re Miranda* (2008) 43 Cal.4th 541, 544.)

However, in 2008, our high court granted Miranda's fourth habeas petition. The court held the prosecution had improperly failed to disclose information implicating someone else in *another* murder committed two weeks before the murder at the AM-PM mini-market—a murder to which Miranda ended up pleading guilty shortly after his jury trial conviction in this case. (*In re Miranda*, *supra*, 43 Cal.4th at pp. 444–445.) Because the earlier murder was the only evidence in aggravation introduced during the penalty phase of the AM-PM mini-market murder trial, the court held the sentence of death should be vacated.

Miranda continued filing habeas petitions in state and federal court. On June 1, 2023, Miranda, represented by a deputy federal public defender, filed a petition for writ of habeas corpus in the Los Angeles Superior Court. On June 2, Judge William Ryan granted Miranda's unopposed application to file several exhibits to the petition under seal. On June 27, Judge Ronald Coen summarily denied the petition. On June 30, counsel received Judge Coen's order denying the petition.

On July 25, Miranda filed a petition for writ of mandate in this court, seeking an order vacating the denial of his habeas

3

petition in the trial court on the ground that he was deprived of an opportunity to file a motion to disqualify the judge assigned to rule on the petition, pursuant to Code of Civil Procedure section 170.6 (section 170.6). Miranda's counsel declared that after Judge Ryan issued the order granting the application to file exhibits under seal, her office regularly monitored the superior court's docket for minute orders assigning the case to a different judge for decision. Counsel did not see any transfer or assignment orders. She declared that "[h]ad any such order appeared, [she] would have considered filing a peremptory challenge under . . . section 170.6."

Counsel further declared that her cocounsel subsequently inquired with the court to determine whether it had issued a minute order or other notice of the assignment of the matter to Judge Coen. According to the declaration, on July 19, cocounsel "was informed that it appears the case was transferred to Judge Coen with no minute order generated documenting that transfer."

We issued an order to show cause and permitted the People, as the real party in interest, to file a written return or other response.[1] The People, represented by the Attorney General, declined to file a response. We subsequently issued an order requesting that counsel for the superior court inform us whether Miranda or his counsel were notified that the habeas petition was being assigned to Judge Coen and, if so, when and how such notification was given. Counsel for the superior court responded: "Although the Superior Court has instituted a

_____

[1] Prior to issuing the order to show cause we also provided the People the opportunity to submit a preliminary response to Miranda's petition. The People declined to do so.

4

notification of assignment process to comply with *Maas v. Superior Court* (2016) 1 Cal.5th 962, the Superior Court cannot demonstrate that a notice of assignment was issued in response to this habeas petition."

## DISCUSSION

### Miranda Was Improperly Deprived of the Opportunity to File a Peremptory Challenge Due to Lack of Notice of an Assignment

Miranda seeks relief from this court on the ground that the lack of an order assigning his petition to Judge Coen deprived him of his right to file a peremptory challenge. We agree.

In *Maas v. Superior Court*, *supra*, 1 Cal.5th 962 (*Maas*), our Supreme Court considered whether a party may challenge the judge assigned to rule on a petition for writ of habeas corpus before an order to show cause has been issued, pursuant to section 170.6. The court answered the question in the affirmative, holding that "a petitioner who requests the name of the judge assigned to examine his or her habeas corpus petition is entitled to notice of that assignment, and also is entitled to peremptorily challenge the assigned judge, so long as all of the procedural requirements of section 170.6 have been satisfied . . . ." (*Id*. at p. 970.)

In *Maas*, the petitioner was a self-represented state prison inmate. (*Maas*, *supra*, 1 Cal.5th 962 at pp. 970–971.) After filing a petition for writ of habeas corpus, the petitioner twice wrote the superior court clerk asking for the name of the judge assigned to rule on the petition. He did not receive a response and the petition was summarily denied. (*Id*. at p. 971.) The petitioner then filed a petition for writ of habeas corpus in the Court of Appeal, complaining that the superior court clerk had not timely

5

notified him of the judge's assignment and declaring that, had he been informed, he would have moved to disqualify the assigned judge pursuant to section 170.6.  (*Ibid*.)

In reaching its ultimate holding, the *Maas* court considered section 170.6 and concluded a petition for writ of habeas corpus proceeding is part of a "special proceeding" within the meaning of the statute, and a judge who decides whether the petition states a prima facie case resolves a contested issue of law.  As a result, "a habeas corpus petitioner who files a motion for disqualification in proper form and in compliance with the procedural requirements of section 170.6 has a right to disqualify the judge assigned to try, or hear any matter within, that habeas corpus proceeding." (*Maas*, *supra*, 1 Cal.5th 962 at pp. 975–976, 977.)  The court further reasoned that although "responding to a petitioner's request for the name of the judge assigned to examine his or her habeas corpus petition, and allowing a reasonable amount of time for receipt of any resulting motion under section 170.6, will impact a court's ability to adhere to" the timelines requiring expeditious initial review of habeas corpus petitions, a petitioner who asks for the name of the judge assigned to consider the petition and then chooses to file a section 170.6 motion "may properly be considered to have accepted any resulting delay in the examination of and ruling on the petition."  (*Id*. at pp. 981, 982.)

While the *Maas* court expressly considered a petitioner who requested notification, we find the court's analysis and holding applicable here.  *Maas* established that a petitioner who files a writ of habeas corpus has a statutory right to file a peremptory challenge pursuant to section 170.6.  We are aware of no context in which the court may effectively deprive a litigant of the

6

opportunity to file a section 170.6 challenge by failing to make available, even to counsel, information indicating an assignment has been made.

Miranda's counsel has represented that no order memorializing the assignment appeared on the trial court's docket.  Counsel for the superior court also indicates it cannot demonstrate a notice of assignment was issued.  We note that while the Los Angeles Superior Court local rules describe the assignment process for petitions for writs of habeas corpus, they may not provide certainty regarding which judicial officer will be assigned, and they do not allow a petitioner to know when an assignment will be made.  Pursuant to the Superior Court of Los Angeles County, Local Rules, rule 8.33 (a)(1)(A), in non-capital felony cases, a petition for writ of habeas corpus seeking review of an order made after the defendant was held to answer must be filed with the supervising judge of the district where the sentence was imposed.  The rule further provides that "[t]he supervising judge (sitting as a master calendar court) will promptly assign the petition to the department where sentence was imposed . . . . If the petition challenges an order or ruling made by the judge then-assigned to that department, the supervising judge shall assign the petition to a judge other than the judge whose order or ruling is sought to be reviewed." (Super. Ct. L.A. County, Local Rules, rule 8.33 (a)(1)(A).)

It appears this procedure was more or less followed in this case.  Pursuant to the rule, Miranda's petition was filed with the supervising judge in Department 100.  Miranda's original sentence was imposed in Department 101 by Judge Kathleen Parker.  Judge Coen was presiding in Department 101 when he issued the order denying Miranda's petition.

7

However, the record does not reflect any minute order, other documentation, or verbal pronouncement memorializing Department 100's "prompt assignment" of the matter to Department 101. Thus, even if Miranda could be charged with knowing that, pursuant to the Superior Court of Los Angeles County, Local Rules, rule 8.33, the matter would be assigned to Department 101, he could not know exactly when that assignment would take place. This is an important detail, since *when* the assignment occurred was also information Miranda needed to establish when the clock would begin to run for a peremptory challenge.

"As a general rule, a challenge of a judge is permitted under section 170.6 any time before the commencement of a trial or hearing. [Citations.] . . . Subdivision (2) of section 170.6, however, establishes three exceptions to the general rule, namely the '10-day/5-day' rule, the 'master calendar' rule, and the 'all purpose assignment' rule."[2] (*People v. Superior Court (Lavi)* (1993) 4 Cal.4th 1164, 1171.) While the exceptions apply under different circumstances, they all require that the litigants be aware that an assignment has been made. (*Id.* at pp. 1180, fn. 12, 1183; *Jones v. Superior Court* (2016) 246 Cal.App.4th 390, 404.) And even if the general rule applies, it implicitly contemplates that the litigants will know when the trial or hearing will commence—a circumstance that does not come to

_____

[2]    Following the *Maas* decision, at least two courts have considered the timeliness of section 170.6 challenges in habeas corpus proceedings. (*Bontilao v. Superior Court* (2019) 37 Cal.App.5th 980; *People v. Superior Court* (*Reagan*) (2020) 54 Cal.App.5th 766.) Both courts concluded the assignment procedures presented in those cases reflected an "all purpose assignment."

pass when petitions may be summarily denied without any advance notice.

The rules governing the timing of section 170.6 disqualification motions thus suggest the assignment of a matter to a judge or particular department must be announced or publicized in some fashion so that the litigants may become aware that it has occurred. For example, in *People v. Superior Court* (*Reagan*), *supra*, 54 Cal.App.5th 766, the court concluded, in the context of the question of timeliness, that the court provided notice of the assignment when the assigned judge ordered an informal response to the petition for writ of habeas corpus. (*Id.* at p. 771.) It appears undisputed that in this case there simply was no record of the assignment to Judge Coen, and no formal or informal means by which the assignment was made known before Judge Coen ruled on the petition.

The facts of this case do not call for us to consider what form of notice of assignment the trial court must provide to a petitioner who may not have ready access to the court docket and who does not request notice of the assignment, as the petitioner did in *Maas*. The problem in this case was more fundamental. It appears no one except the court knew or could have known that an assignment to Judge Coen in Department 101 was made, even counsel who was regularly checking the court docket for information about an anticipated assignment. Under these circumstances, Miranda was improperly deprived of his statutory right to file a challenge pursuant to section 170.6.

## DISPOSITION

Let a peremptory writ of mandate issue, directing respondent trial court to (1) vacate the summary denial of Miranda's petition for writ of habeas corpus, (2) assign the

petition for decision; and (3) issue an order reflecting the assignment or provide other notice of assignment to all relevant parties and counsel, consistent with *Maas* and Miranda's right to file a disqualification motion pursuant to section 170.6. This decision is final forthwith as to this court. (Cal. Rules of Court, rule 8.490(b)(2).)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

EGERTON, J.

10